**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| NOHEMI RAMIREZ CASTILLO<br>5427 56th Avenue, Apt. 5<br>Riverdale, MD 20737<br>(Prince George's County)<br><br>FAUSTINO SAAVEDRA MENDEZ<br>5427 56th Avenue, Apt. 5<br>Riverdale, MD 20737<br>(Prince George's County)<br><br>     Plaintiffs,<br><br>v.<br><br>DELICIAS LA CHOCITA, LLC<br>d/b/a LA CHOCITA<br>4800 Annapolis Road<br>Bladensburg, MD 20710<br>(Prince George's County)<br><br>TAQUERIA LA PLACITA, INC.<br>d/b/a TAQUERIA LA PLACITA<br>5020 Edmonston Road<br>Hyattsville, MD 20781<br>(Prince George's County)<br><br>LA SIRENITA II, INC.<br>d/b/a LA SIRENITA<br>3928 Eastern Avenue<br>Baltimore, MD 21224<br>(Baltimore County)<br><br>LA SIRENITA III., INC.<br>d/b/a LA SIRENITA<br>702 N. Crain Hwy.<br>Glen Burnie, MD 21061<br>(Anne Arundel County) | Civil Action No. _____<br><br>**COMPLAINT** |

LA SIRENITA RESTAURANT IV, INC.
d/b/a LA SIRENITA
3916 Eastern Avenue
Baltimore, MD 21224
(Baltimore County)

ALEJO MARTINEZ
a/k/a ALEJO MARTINEZ PONCE
a/k/a ALEJO PONCE
4301 51st Street
Bladensburg, MD 20710
(Prince George's County)

    Defendants.

## COMPLAINT

1. Plaintiffs worked at Defendants' restaurants. Defendants paid Plaintiffs flat weekly salaries which denied Plaintiffs minimum and overtime wages.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## Parties

5.     Plaintiff Nohemi Ramirez Castillo is an adult resident of Prince George's County, Maryland.

6.     Plaintiff Faustino Saavedra Mendez is an adult resident of Prince George's County, Maryland.

7.     Defendant Delicias La Chocita, LLC is a Maryland corporate entity. Delicias La Chocita, LLC does business as "La Chocita." Its principal place of business is located at 4800 Annapolis Road, Bladensburg, MD 20710. Its resident agent for service of process is Alejo Javier Martinez, 4301 51st Street, Bladensburg, MD 20710.

8.     Defendant Taqueria La Placita, Inc. is a Maryland corporate entity. Taqueria La Placita, Inc. does business as "Taqueria La Placita." Its principal place of business is located at 5020 Edmonston Road, Hyattsville, MD 20781. Its resident agent for service of process is Alejo Javier Martinez, 5020 Edmonston Road, Hyattsville, MD 20781.

9.     Defendant La Sirenita II, Inc. was a Maryland corporate entity. La Sirenita II, Inc. did business as "La Sirenita." Its principal place of business was located at 3928 Eastern Avenue, Baltimore, MD 21224. Its resident agent for service of process is Alejo Javier Martinez, 3928 Eastern Avenue, Baltimore, MD 21224.

10.    Defendant La Sirenita III., Inc. is a Maryland corporate entity. La Sirenita III., Inc. does business as "La Sirenita." Its principal place of business was located at 702 N. Crain Hwy., Bowie, MD 20771. Its resident agent for service of process is Eloisa Guzman-Martinez, 4301 51st Street Bladensburg, MD 20710.

11.    Defendant La Sirenita Restaurant IV, Inc. is a Maryland corporate entity. La Sirenita Restaurant IV, Inc. does business as "La Sirenita." Its principal place of business is located at

3916 Eastern Avenue, Baltimore, MD 21224. Its resident agent for service of process is Alejo J. Martinez, 4301 51st Street, Bladensburg, MD 20710.

12. Defendant Alejo Martinez is an adult resident of Maryland. He resides at: 4301 51st Street, Bladensburg, MD 20710. He is also known as Alejo Martinez Ponce and as Alejo Ponce. He is an owner, operator, and officer of Delicias La Chocita, LLC, Taqueria La Placita, Inc., La Sirenita II, Inc., La Sirenita III., Inc., and La Sirenita Restaurant IV, Inc.

13. Defendant Alejo Martinez controls the operations of Delicias La Chocita, LLC, Taqueria La Placita, Inc., La Sirenita II, Inc., La Sirenita III., Inc., and La Sirenita Restaurant IV, Inc. — including their pay practices.

### Factual Allegations Specific to Plaintiff Saavedra Mendez

14. Plaintiff Saavedra Mendez worked for Defendants from 2000 to approximately February 8, 2017.

15. During the three years prior to the filing of this complaint, Plaintiff Saavedra Mendez worked at La Sirenita (702 N. Crain Hwy., Glen Burnie, MD 21061), Taqueria La Placita, and La Chocita.

### Facts Specific to Plaintiff Saavedra Mendez's Work at La Sirenita

16. Plaintiff Saavedra Mendez worked at La Sirenita from March 1, 2014 through approximately March 31, 2014.

17. At La Sirenita, Plaintiff Saavedra Mendez typically and customarily worked seven days a week.

18. At La Sirenita, Plaintiff Saavedra Mendez typically and customarily worked the following schedule:

|  | Entry and Exit Time | Break Time | Hours |
|---|---|---|---|
| Monday | 9:00 a.m. - 11:00 p.m. | None | 14 |

4

| | Entry and Exit Time | Break Time | Hours |
|---|---|---|---|
| Tuesday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Wednesday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Thursday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Friday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Saturday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Sunday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| | | **Total Hours** | **98 Hours** |

19. At La Sirenita, Plaintiff Saavedra Mendez typically and customarily worked 98 hours a week.

20. At La Sirenita, Plaintiff Saavedra Mendez was typically and customarily paid $430.00 a week, or an effective hourly rate of $4.39.

**Facts Specific to Plaintiff Saavedra Mendez's Work at Taqueria La Placita**

21. Plaintiff Saavedra Mendez worked at Taqueria La Placita from approximately April 1, 2014 through approximately June 30, 2014.

22. At Taqueria La Placita, Plaintiff Saavedra Mendez typically and customarily worked six days a week.

23. At Taqueria La Placita, Plaintiff Saavedra Mendez typically and customarily worked the following schedule:

| | Entry and Exit Time | Break Time | Hours |
|---|---|---|---|
| Monday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Tuesday | Off | | |
| Wednesday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Thursday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Friday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Saturday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| Sunday | 9:00 a.m. - 11:00 p.m. | None | 14 |
| | | **Total Hours** | **84 Hours** |

24. At Taqueria La Placita, Plaintiff Saavedra Mendez typically and customarily worked 84 hours a week.

5

25. At Taqueria La Placita, Plaintiff Saavedra Mendez was typically and customarily paid $430.00 a week, or an effective hourly rate of $4.39.

### Facts Specific to Plaintiff Saavedra Mendez's Work at La Chocita

26. At La Chocita, Plaintiff Saavedra Mendez worked from July 1, 2014 through approximately February 8, 2017.

27. At La Chocita, Plaintiff Saavedra Mendez typically and customarily worked seven days a week.

28. At La Chocita, Plaintiff Saavedra Mendez typically and customarily worked the following schedule:

|  | **Entry and Exit Time** | **Break Time** | **Hours** |
|---|---|---|---|
| Monday | 9:00 a.m. - 10:30 p.m. | None | 13.5 |
| Tuesday | 9:00 a.m. - 10:30 p.m. | None | 13.5 |
| Wednesday | 9:00 a.m. - 10:30 p.m. | None | 13.5 |
| Thursday | 9:00 a.m. - 10:30 p.m. | None | 13.5 |
| Friday | 9:00 a.m. - 10:30 p.m. | None | 13.5 |
| Saturday | 9:00 a.m. - 10:30 p.m. | None | 13.5 |
| Sunday | 9:00 a.m. - 10:30 p.m. | None | 13.5 |
|  |  | **Total Hours** | **94.5 Hours** |

29. At La Chocita, Plaintiff Saavedra Mendez typically and customarily worked 94.5 hours a week.

30. At La Chocita, Plaintiff Saavedra Mendez was typically and customarily paid $480.00 a week, or an effective hourly rate of $5.08.

31. At La Chocita, Plaintiff Saavedra Mendez could take off on Tuesday approximately once every two weeks.

32. At La Chocita, Plaintiff Saavedra Mendez worked for approximately 81 hours a week whenever he took a day off.

33. At La Chocita, Defendants deducted $50.00 from Plaintiff Saavedra Mendez's weekly salary of $480.00 whenever he took a day off. Hence, Defendants paid Plaintiff Saavedra Mendez an effective hourly rate of $5.31 ($430.00 / 81 hours).

### General Factual Allegations Concerning Plaintiff Saavedra Mendez

34. Defendant Alejo Martinez personally reassigned Plaintiff Saavedra Mendez from one restaurant to another.

35. Plaintiff Saavedra Mendez's job duties always consisted of cooking, prepping, and cleaning his work station.

36. At all relevant times, Defendants paid Plaintiff Saavedra Mendez a weekly salary.

37. At all relevant times, Plaintiff Saavedra Mendez typically and customarily worked more than 40 hours per workweek.

38. At all relevant times, Defendants typically paid Plaintiff Saavedra Mendez with a combination of checks and cash.

39. At all relevant times, Defendants paid Plaintiff Saavedra Mendez with checks issued by Defendant La Sirenita Restaurant IV, Inc.

40. At all relevant times, Defendants did not pay Plaintiff Saavedra Mendez overtime wages — or one and one half times Plaintiff Saavedra Mendez 's regular hourly rate for hours worked in excess of 40 in a workweek.

41. In addition to not paying overtime wages, Defendants did not pay Plaintiff Saavedra Mendez the applicable minimum wage.

42. For the three years preceding the filing of this Complaint, Defendants owe Plaintiff Saavedra Mendez approximately **$82,787.71** in minimum and overtime wages.

### Factual Allegations Specific to Plaintiff Ramirez Castillo

43. Plaintiff Ramirez Castillo worked at La Chocita.

44. Plaintiff Ramirez Castillo worked for Defendants from approximately March 1, 2014 through approximately December 10, 2017.

45. Plaintiff Ramirez Castillo worked as a cook.

46. Plaintiff Ramirez Castillo's job duties primarily consisted of cooking, prepping, and cleaning her work station.

47. At all relevant times, Defendants paid Plaintiff Ramirez Castillo a weekly salary.

48. At all relevant times, Plaintiff Ramirez Castillo typically and customarily worked seven days a week.

49. From approximately March 1, 2014 through approximately June 30, 2016, Plaintiff Ramirez Castillo typically and customarily worked the following schedule:

|           | Entry and Exit Time   | Break Time  | Hours     |
|-----------|-----------------------|-------------|-----------|
| Monday    | 8:00 a.m. - 10:00 p.m.| None        | 14.0      |
| Tuesday   | 8:00 a.m. - 10:00 p.m.| None        | 14.0      |
| Wednesday | 8:00 a.m. - 10:00 p.m.| None        | 14.0      |
| Thursday  | 8:00 a.m. - 10:30 p.m.| None        | 14.5      |
| Friday    | 8:00 a.m. - 10:30 p.m.| None        | 14.5      |
| Saturday  | 8:00 a.m. - 10:30 p.m.| None        | 14.5      |
| Sunday    | 8:00 a.m. - 10:30 p.m.| None        | 14.5      |
|           |                       | Total Hours | 100 Hours |

50. From approximately March 1, 2014 through approximately June 30, 2016, Plaintiff Ramirez Castillo typically and customarily worked 100 hours a week.

51. From approximately March 1, 2014 through approximately June 30, 2016, Plaintiff Ramirez Castillo was typically and customarily paid $495.00 a week, or an effective hourly rate of $4.95.

52. From approximately July 1, 2016 through December 10, 2016, Plaintiff Ramirez Castillo typically worked seven days a week.

53. From approximately July 1, 2016 through December 10, 2016, Plaintiff Ramirez Castillo typically and customarily worked the following schedule:

|           | Entry and Exit Time      | Break Time | Hours    |
|-----------|--------------------------|------------|----------|
| Monday    | 10:00 a.m. - 10:00 p.m.  | None       | 12.0     |
| Tuesday   | 10:00 a.m. - 10:00 p.m.  | None       | 12.0     |
| Wednesday | 10:00 a.m. - 10:00 p.m.  | None       | 12.0     |
| Thursday  | 10:00 a.m. - 10:30 p.m.  | None       | 12.5     |
| Friday    | 10:00 a.m. - 10:30 p.m.  | None       | 12.5     |
| Saturday  | 10:00 a.m. - 10:30 p.m.  | None       | 12.5     |
| Sunday    | 10:00 a.m. - 10:30 p.m.  | None       | 12.5     |
|           |                          | Total Hours | 86 Hours |

54. From approximately July 1, 2016 through December 10, 2016, Plaintiff Ramirez Castillo typically and customarily worked 86 hours a week.

55. From approximately July 1, 2016 through December 10, 2016, Plaintiff Ramirez Castillo was typically and customarily paid $495.00 a week, or an effective hourly rate of $5.76.

56. Starting on approximately October 18, 2016, Plaintiff Ramirez Castillo began to take a two-hour break, twice a week. Because of her breaks, Defendants deducted $30.00 from her weekly salary.

57. From November 22, 2016 through November 28, 2016 (Thanksgiving), Plaintiff Ramirez Castillo worked for 86 hours and did not take her two, two hour breaks.

58. Prior to November 1, 2016, Defendants only paid Plaintiff Ramirez Castillo in cash.

59. Starting on November 1, 2016, Defendants paid Plaintiff Ramirez Castillo with a combination of cash and checks.

60. Defendants did not pay Plaintiff Ramirez Castillo overtime wages — or one and one half times Plaintiff Ramirez Castillo's regular hourly rate for hours worked in excess of 40 in a workweek.

61. In addition to not paying overtime wages, Defendants did not pay Plaintiff Ramirez Castillo the applicable minimum wage.

62. For the three years preceding the filing of this Complaint, Defendants owe Plaintiff Ramirez Castillo approximately **$99,237.60** in minimum and overtime wages.

### Factual Allegations Common to All Plaintiffs

63. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

64. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

65. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

66. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

67. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

68. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

69. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

70. At all relevant times, Defendant Alejo Martinez controlled Plaintiffs' work schedule.

71. Defendant Alejo Martinez personally tendered Plaintiffs their pay.

72. Under the direction of Defendant Alejo Martinez, all the corporate Defendants are operated as though they were one business.

73. Under the direction of Defendant Alejo Martinez, the corporate Defendants share financial resources.

74. Under the direction of Defendant Alejo Martinez, the corporate share materials, such as food.

75. Under the direction of Defendant Alejo Martinez, employees are transferred from one restaurant to another.

76. At all relevant times, the federal minimum wage was $7.25 per hour.

77. The Maryland minimum wage was $8.25 per hour from July 1, 2015 through June 30, 2016, and $8.75 per hour from July 1, 2016 through the present.

78. The Prince George's County minimum wage was $8.40 from October 1, 2014 through September 30, 2015, $9.55 from October 1, 2015 through September 30, 2016, and $10.75 per hour from October 1, 2016 through the present. Prince George's County Code, § 13A-117(a).

79. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

80. At all relevant times, Defendants had two or more employees who handled good and/or materials that had travelled in or been produced for interstate commerce.

81. For example, Defendants' employees handle materials that were produced, raised, or grown outside of Maryland, such as corn flour, beef tongue, cooking oil, and cooking utensils.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

82. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

83. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

84. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

85. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

86. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. 778.5.

87. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

88. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

89. Defendants' violations of the FLSA were willful.

90. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL**

91. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

92. Each defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

93. The MWHL required that employers pay non-exempt employees at least $7.25 per hour before January 1, 2015, $8.00 per hour from January 1, 2015 through June 30, 2015, $8.25 per hour from July 1, 2015 through June 30, 2016, and $8.75 per hour from July 1, 2016 through June 30, 2017. Md. Code, Lab. & Empl. Art. § 3-413.

94. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

95. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

96. Defendants violated the MWHL by knowingly failing to pay one or more Plaintiffs one and one-half times Plaintiffs' regular hourly rate for hours worked in excess of 40 hours in any one workweek.

97. Defendants' violations of the MWHL were willful.

98. For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

99. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

100. Each defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

101. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

102. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

103. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

104. Defendants violated the MWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages.

105. Defendants' violations MWPCL were willful.

106. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$572,225.50**, and grant the following relief:

   a. Award Plaintiffs $565,375.50, consisting of the following overlapping elements:

      i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii. three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

   b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

c. Award Plaintiffs reasonable attorney's fees and expenses at Appendix B Rates (as of this date, approximately $6,450.00);

d. Award Plaintiffs court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: March 14, 2017

Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

## **JURY DEMAND**

Plaintiffs hereby request a jury trial on all issues so triable.

/s/ Justin Zelikovitz, Esq.